IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-17,019-02




EX PARTE BENNY SARMIENTO, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 13,384-CR-A IN THE 349th DISTRICT COURT
FROM HOUSTON COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
on a correctional officer and sentenced to three years’ imprisonment. He did not appeal his
conviction.
            Applicant contends that his sentence has discharged and that he is being illegally confined. 
            This Court remanded this cause to the trial court so that it could obtain an affidavit from the
Texas Department of Criminal Justice addressing these claims. After obtaining the initial affidavit
from TDCJ officials, the trial court entered findings of fact and conclusions of law that the Applicant
had not discharged his sentence and he was not being illegally confined. Subsequent to the trial
court’s entrance of its findings of fact and conclusions of law, TDCJ officials forwarded a
supplemental affidavit to the trial court that appears to be in conflict with its initial affidavit.
            Affidavit number one states that the Applicant was not released to mandatory supervision on
June 9, 2004, because he had not yet begun to serve the sentence in this cause. Affidavit number two
states that Applicant’s cumulated sentences


 are being treated as one sentence under this Court’s
holding in Ex parte Forward, 258 S.W.3d 151 (Tex. Crim. App. 2008), and the Applicant was
released to mandatory supervision on June 28, 1999. These affidavits leave this Court with the
following questions:
– If the Applicant was not eligible for release to mandatory supervision in this cause on June
9, 2004, because he had not yet begun serving his sentence, how was he eligible for release
to mandatory supervision on June 28, 1999?
– If the Applicant is not eligible for release to mandatory supervision in this cause, why was
he released to mandatory supervision?



            The trial court shall order the Texas Department of Criminal Justice’s Office of the General
Counsel to file a supplemental affidavit addressing these questions. The Office of General Counsel
shall also state how Applicant’s discharge date is being calculated. The trial court may also order
depositions, interrogatories or a hearing. 
            Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04.
            The trial court shall make additional findings of fact as to whether Applicant’s sentence has
discharged and whether he is being illegally confined. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 60 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 90 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: January 27, 2010
Do not publish